## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

| | |
|---|---|
| STACEY LEE HAYNES | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | *   4:19-cv-00558-JJV |
| ANDREW SAUL, Commissioner, | * |
| Social Security Administration, | * |
| | * |
| Defendant. | * |

## **MEMORANDUM AND ORDER**

Plaintiff, Stacey Lee Haynes, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. The Administrative Law Judge ("ALJ") concluded Plaintiff had not been under disability within the meaning of the Social Security Act because jobs existed that Plaintiff could perform despite her impairments. (Tr. 16-27). Both parties have submitted appeal briefs and the case is ready for a decision.

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009*)*; *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3

F.3d 1210, 1213 (8th Cir. 1993). The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find Commissioner's decision is supported by substantial evidence; therefore, Plaintiff's Complaint should be DISMISSED.

Plaintiff was forty-two years old at the time of the administrative hearing. (Tr. 71.) She testified she is a high school graduate. (*Id.*) The ALJ determined she has past relevant work as a day care worker and administrative technician. (Tr. 26.)

The ALJ[1] found Ms. Haynes had not engaged in substantial gainful activity since June 1, 2016, the alleged onset date. (Tr. 18.) The ALJ next determined Plaintiff has "severe" impairments in the form of non-insulin dependent diabetes mellitus with peripheral neuropathy, obesity, osteoarthritis of the hips, lupus, and depression. (*Id*.) The ALJ further found she did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19-21.) The ALJ determined Ms. Haynes had the residual functional capacity (RFC) to perform a reduced range of sedentary work. (Tr. 21.)

The ALJ assessed that Plaintiff could no longer perform any of her past relevant work, (Tr. 29), so he utilized the services of a vocational expert (VE) to determine if jobs existed that Plaintiff could perform despite her impairments. (Tr. 87-91.) Based in part on the VE's testimony, the

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

ALJ concluded Plaintiff could perform the jobs of nut sorter, addressing clerk, and loading machine operator. (Tr. 27.)  Consequently, the ALJ determined Ms. Haynes was not disabled.  (*Id.*)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-4.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

In support of her Complaint, Plaintiff argues, *inter alia,* the ALJ's RFC assessment is flawed. (Doc. No. 11 at 19-21.)   Plaintiff says, "Specifically he did not include fatigue, which is a major issue in this case, along with other restrictions and limitations set forth by plaintiff and supported by treating sources or the full impact of, side effects to medication, all as set forth herein above. Further, these limitations should properly have included limitations provided by treating sources had the ALJ fulfilled his duty and requested these opinions."  (Doc. No. 11 at 20.) Plaintiff's point is well taken as the ALJ did not specifically discuss "fatigue" while addressing her symptoms.  However, I agree with the Commissioner that the ALJ fairly ". . . considered Plaintiff's complaints of fatigue and any alleged side effects from medication (Pl.'s Br. At 15; Tr. 22-23)."  (Doc. No. 12 at 14.)  More importantly, as the Commissioner points out, Plaintiff's treating doctor, Thomas Sneed, M.D., believed she was capable of performing "light housework, office work" despite her complaints of fatigue and other symptoms.  (Tr. 786-787.)  Based on the medical evidence, I find no reversible error with the  ALJ's assessment.

Many of Ms. Haynes' arguments largely tie into the ALJ's assessment of her subjective symptoms.  The ALJ analyzed Ms. Haynes' symptoms in light of Social Security Ruling 16-3p. (Tr. 23.)  The ALJ concluded, ". . . the undersigned finds that the claimant's allegations of severe and disabling pain and discomfort are not supported by the other evidence of record." (*Id.*)  The ALJ noted Ms. Haynes is capable of taking care of her personal hygiene, care for her son, assist in the care of two dogs and sixteen chickens, perform household chores, mow the lawn, prepare

meals, shop for groceries, and drive an automobile. (Tr. 23-24.) Plaintiff's testimony also supports the ALJ's conclusions in this regard. (Tr. 79-81.)

Moreover, I find the objective medical records simply fail to support a claim of *complete disability*. Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

Ms. Haynes also argues that the ALJ failed to develop the record. (Doc. No. 11 at 13-14.) Plaintiff is reminded she had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). The fact that Plaintiff's counsel did not obtain (or, as far as the record reflects, try to obtain) additional doctor's opinions suggests they are of only minor importance. *See Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995). Realizing this is not an adversarial proceeding, I still find no indication that Plaintiff requested that the ALJ order additional evaluations at any time during the administrative process. Plaintiff bears a heavy burden in showing the record has been inadequately developed. She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither; therefore, her argument is without merit.

Plaintiff has advanced other arguments that I have considered and find to be without merit. The Commissioner's decision is supported by substantial evidence. Counsel for both sides have done excellent work on behalf of their respective clients. I am sympathetic to Ms. Haynes' claims.

I am certain she experiences some degree of pain and limitation from her impairments. But the overall evidence provides substantial support for the ALJ's determination that she could perform a reduced range of sedentary work.

Furthermore, it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. E.g., *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 27th day of January 2020.

_____
JOE J. VOLPE